IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARCO WRIGHT                                                                                      PLAINTIFF

v.                                                                                         No. 3:19CV32-DAS

MTC, ET AL.                                                                                      DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the plaintiff's motion for reconsideration of the court's final judgment dismissing the instant case for both failure to state a claim upon which relief could be granted – and for failure to exhaust administrative remedies. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

The plaintiff alleges that the defendants placed him near an inmate with a history of violence towards other inmates by having him escort the inmate to a housing unit with more restrictive custody. The inmate attacked and injured the plaintiff during that time. The court dismissed the instant case for failure to state a claim upon which relief could be granted because the plaintiff's allegations rise, at most, to the level of negligence, which does not state a claim for § 1983 relief. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In his arguments the plaintiff simply disagrees with this assessment.

The plaintiff also argues that his pursuit of the grievance process should qualify as exhaustion of his administrative remedies. Again, he simply disagrees with the court's decision. However, for the reasons set forth in the court's memorandum opinion, his grievance was rejected as defective during the screening phase, and he did not correct the grievance and pursue the process to its conclusion. He did not exhaust his administrative remedies.

The plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the plaintiff's request to alter or amend judgment is **DENIED.**

**SO ORDERED**, this, the 19th day of September, 2019.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE